1  Fernando F. Chavez
2  **LAW OFFICES OF FERNANDO F. CHAVEZ**
   1530 The Alameda, Suite 301
3  San Jose, CA. 95126
   (408) 971-3113 – Phone
4  (408) 971-0107 – Facsimile
   fchavez@chavez-deleon.com
5  California Bar No. 86902

6

7

8           **IN THE UNITED STATES DISTRICT COURT**
           **FOR THE NORTHERN DISTRICT OF CALIFORNIA**
9

10                                          Case No.: CV 12-03216

11                                          **CLASS ACTION COMPLAINT**

12  **MITSI CALDERON and**
    **JAMIE LOPEZ, on behalf of**             **DEMAND FOR JURY TRIAL**
13  themselves and all others similarly
    situated,                               (1) **Violation of the Unfair Practices**
14                                              **Act (Business and Professions Code**
                                               **§ 17200, *et seq.*)**
15  **Plaintiffs,**                         (2) **Violation of the Unfair**
                                               **Business Practices Act (Business**
16  v.                                          **and Professions Code § 17500, *et seq.*)**
                                           (3) **Breach of Contract/Breach of Duty**
17  **SCHOOLSFIRST FEDERAL CREDIT**             **of Good Faith and Fair Dealing**
    **UNION AND JOHN DIDION, RUDY**        (4) **Fraud**
18  **HANLEY, LYNN HARTLINE, and**         (5) **Negligent Misrepresentation**
    **LINDA SALATA,**                      (6) **Conversion**
19                                          (7) **Unconscionability**
                                           (8) **Unjust Enrichment and Restitution**
20  **Defendants.**                        (9) **Breach of Fiduciary Duty**

21

22

23        Plaintiffs, Mitsi Calderon and Jamie Lopez ("Plaintiffs"), by and through their attorneys

24  of record, file this Class Action Complaint on behalf of themselves and all persons similarly

25  situated. Plaintiffs, hereby allege as follows:

26

27

28



**INTRODUCTION**

1. This a class action lawsuit brought on behalf of Plaintiffs, individually, and on behalf of other similarly situated consumers who were subject to the deceptive re-ordering practice implemented by the Defendant SchoolsFirst Federal Credit Union (hereinafter "Defendant" or "SchoolsFirst") and its Board of Directors. This deceptive practice involves the systematic manipulation and re-ordering of electronic debit transactions from the highest dollar amount to the lowest dollar amount. The sole purpose of this practice is to deplete the customer's available funds as quickly as possible so as to maximize the amount of overdraft fees collected by Defendant.

2. Defendant's automated systematic approach of re-ordering debit transactions has no relation to the date the customer's transactions were actually received by Defendant, nor does it bear any relation to the debit transactions initiated by the customer. The deceptive and unfair practice Defendant uses to increase the number of overdraft charges it recovers from its customers includes (1) re-ordering the debit transactions posted each day so that the Defendant is able to charge overdraft fees for multiple transactions even though the customer had sufficient funds to cover some of the transactions; and (2) engaging in the consistent practice of failing to notify customers when such transactions will cause them to incur an overdraft fee.

3. Consumers, including Plaintiffs, depend on Defendant to ensure that debit charges are automatically and immediately posted to their accounts in the chronological order in which they occur. Instead, Defendant routinely posts debit charges to consumers' accounts in a non chronological and manipulative manner. Defendant routinely enforces an automated policy whereby debit charges incurred are posted to consumers' accounts in

order of largest to smallest amounts. Defendant engages in the unfair, deceptive and manipulative practice in order to increase the number and amount of service fees it may impose upon consumers' accounts that become prematurely overdrawn as a result of this practice. By posting and deducting larger charges before the smaller charges, regardless of the order in which Defendant receives them – the consumers' accounts are depleted sooner, to the severe detriment of the credit union account holder. Many times, as in the case of Plaintiff, the amount of the overdraft fee ($20 each) far exceeds the amount of the underlying transaction. These mounting overdraft fees generate substantial revenue for Defendant.

## PARTIES

4.     Plaintiffs are residents of the State of California.

5.     The Currently unnamed Plaintiffs are those individuals that have been harmed by Defendant's acts and practices; specifically those acts and practices related to Defendant's deceptive, unfair and bad faith assessment and collection of overdraft charges from Plaintiff and those similarly situated.

6.     Defendant SchoolsFirst Federal Credit Union is one of the Nation's largest credit unions. SchoolsFirst is a self-described full service financial institution with over 500,000 members worldwide. It operates retail branches throughout California and has 35 branches throughout California. SchoolsFirst may be served with process at its Corporate Office located at 2115 N. Broadway, Santa Ana, California 92706.

7.     Defendants John Didion, Rudy Hanley, Lynn Hartline and Linda Salata are members of the Board of Directors of SchoolsFirst and in this capacity made the decision to charge its

members unfair, deceptive and excessive overdraft fees. Each may be served with process at the addresses listed at the conclusion of this Complaint.

## JURISDICTION AND VENUE

8.   This Court has subject matter jurisdiction over this class action pursuant to 28 U.S.C. § 1332, as amended by the Class Action Fairness Act of 2005, because there are at least 100 class members in the proposed class, the matter in controversy exceeds $5 million, exclusive of interest and costs, and is a class action in which some members of the Class are citizens of states different than Defendant. *See* 28 U.S.C. § 1332 (d)(2)(a).

9.   Venue properly lies in this district pursuant to 28 U.S.C. § 1391 (a)(1) and (a)(3) because Defendant SchoolsFirst conducts substantial business in this judicial district, has numerous branches and customers in this district, maintains its headquarters in this state, and is subject to personal jurisdiction in this Court.

## FACTUAL ALLEGATIONS

10.   SchoolsFirst is in the business of providing a variety of banking/credit union services, including checking and savings accounts for individual consumers.

11.   Plaintiffs have a checking account with SchoolsFirst and rely on Defendant to service the account and to safeguard monetary funds deposited thereto by Plaintiffs.

## THE DEPOSIT AGREEMENT

12.   Defendant has a standardized, pre-printed Deposit Account Agreement that it provides to its members (the "Account Agreement"). A copy of the Defendant's standard Account Agreement is attached hereto as Exhibit "A."

13.   Defendant's members have no opportunity to negotiate or change the terms of the Account Agreement before opening their accounts. Defendant's Account Agreement is a

form contract of adhesion imposed by Defendant. It has the superior bargaining power and resources.

14. Nowhere in the Account Agreement, or at any other time, does Defendant disclose to its members its deceptive practice of re-ordering the posting of debit transactions in non-chronological order from the largest amount to the smallest amount.

15. In addition to and in furtherance of its deceptive re-ordering system, Defendant deceptively promotes, advertises and encourages its overdraft fee program as a benefit to its members.

16. SchoolsFirst markets itself as making its decisions "based on what is in the best interest of its members" and states that it "places the welfare of its members above all other priorities". (*See* Defendants' website at www.schoolsfirst.org).

17. Consumers, including Plaintiffs, reasonably rely on SchoolsFirst to ensure that charges are posted to consumers' accounts in a commercially reasonable and good faith manner. Instead, SchoolsFirst abuses its discretion and assesses charges in an unfair manner that is harmful to the interest of the consumer.

18. SchoolsFirst engages in this bad faith practice in order to increase the number and amount of service fees it may impose upon consumers' accounts.

19. The charges assessed by SchoolsFirst on the Plaintiffs' checking account provide repeated examples of SchoolsFirst's unfair and improper practices. The transactions illustrate SchoolsFirst's routine practice of imposing fees on consumer accounts in a bad faith manner.

20. Specifically, SchoolsFirst routinely enforces a policy whereby charges incurred are posted to consumers' accounts in order of largest to smallest amounts, even when larger

charges occur much later than smaller charges, sometimes days later.  The result of this practice is increased overdraft fees with no benefit to the customer.

21.  SchoolsFirst also assesses overdraft fees even at times when the actual funds in the customer account are sufficient to cover all debits that have been submitted to the bank for payment.

22.  SchoolsFirst eng ages in these unfair, deceptive, and fraudulent practices in order to increase the number and the total amount of service fees imposed upon its members.

23.  As a result of improper overdraft fees, SchoolsFirst has improperly deprived Plaintiffs and others similarly situated of significant funds.

## CLASS ACTION ALLEGATIONS

24.  Plaintiffs bring this action both individually and on behalf of all SchoolsFirst account holders who incurred an overdraft charge despite their account having a sufficient balance of actual funds to cover all debits that have been submitted to the bank for payment.  Further, this action is brought on behalf of all SchoolsFirst account holders who incurred one or more overdraft charges based upon Schoolfirt's reordering of charges and unfair overdraft fees.

25.  The Class of persons or entities described above is so numerous that joinder of all members by name in one action is impracticable.  All injuries sustained by any member of the Class arise out of the conduct of Defendant in wrongfully charging overdraft fees to the account of Plaintiffs and those similarly situated.

26.  Important questions of law and fact exist which are common to the entire Class and predominate over any questions that may affect individual Class Members in that Defendant has acted on grounds generally applicable to the entire Class.  It will be shown

that the cause of the fees charged to other consumers, namely SchoolsFirst's bad faith practices which maximize its ability to collect overdraft charges, was the same for other SchoolsFirst's customers.

27.  All questions as to the actions attributable to Defendant herein are similarly common. A determination of liability for such conduct will also be applicable to all members of the Class. These common legal and factual issues include, but are not limited to:

(a)  Whether SchoolsFirst assessed insufficient overdraft fees for transactions it approved and for which there were sufficient fund in the account at the time of the transaction to cover the cost of the transaction;

(b)  Whether SchoolsFirst posted account balances that do not reflect their actual balance, thereby inducing the customers who rely on the inaccurate statement of account balance into overdrafting from their account and resulting in being assessed overdraft fees;

(c)  Whether SchoolsFirst delayed the posting of transactions made by customers using SchoolsFirst's debit card, check card or ATM card so that customers are charged overdraft fees on transactions even though the customers had sufficient funds in their account to cover the transactions when the transactions were entered into;

(d)  Whether SchoolsFirst re-ordered daily the posting of transactions from largest transactions to smallest, thereby increasing the number of overdraft fees customers are assessed;

(e)  Whether SchoolsFirst charged an exorbitant overdraft fee that bears no relationship to the actual cost and risk to SchoolsFirst of paying an NSF item that it had already assessed;

(f)  Whether SchoolsFirst failed to disclose to customers each of the above practices;

(g)  Whether SchoolsFirst misled customers regarding the practice of assessing insufficient funds in the account at the time of the transaction to cover the cost of the transaction;

(h)  Whether SchoolsFirst engaged in deceptive advertising campaigns which create consumer expectations that are inconsistent with each of the above practices;

(i)  Whether SchoolsFirst's conduct, as described above, constitutes violations of the causes of action set forth below.

28.  The claims of the Class representatives are typical of the claims of the Class in that Plaintiffs suffered damages as a result of Defendant's bad faith overdraft practices.

29.  Plaintiffs will fully and adequately represent and protect the interests of the entire Class because of the common injuries and interests of the Class Members and the uniform conduct of Defendant as to all Class Members.   Plaintiffs have retained counsel competent and experienced in the prosecution of class action litigation.  Plaintiffs have no interests that are contrary to or in conflict with those of the Class they seek to represent.

30.  A class action is superior to all other available methods for fair and efficient adjudication of this controversy.  There is no difficulty to be encountered in the management of this action that would preclude its maintenance as a class action.

31.  The prosecution of separate actions by individual Class Members would create a risk of inconsistent and varying adjudications concerning the subject of this action, which

adjudications could establish incompatible standards for Defendant under the laws alleged herein.

**REQUESTS FOR CLASS RELIEF**

**FIRST CAUSE OF ACTION**

**VIOLATION OF BUSINESS AND PROFESSIONS CODE
SECTION 1720 *et seq.* – UNLAWFUL, FRAUDULENT AND
UNFAIR BUSINESS ACT AND PRACTICES**

32.   Plaintiffs incorporate by reference and re-alleges all paragraphs previously alleged herein.

33.   Defendants' acts and practices as described herein constitutes unlawful, fraudulent, and unfair business acts and practices, in that (1) Defendants' practices, as described herein, violate each of the statutes set forth within this Complaint, and/or (2) the justification for Defendants' conduct is outweighed by the gravity of the consequences to Plaintiffs and members of the Class and/or (3) Defendants' conduct is immoral, unethical, oppressive, unscrupulous, unconscionable or substantially injurious to Plaintiffs and members of the Class, and/or (4) the uniform conduct of Defendants has a tendency to deceive Plaintiffs and the members of the Class.

34.   Defendants' unlawful, unfair and fraudulent business acts and practices are described herein and include, but are not limited to, wrongfully directly taking insufficient overdraft fees from customers' checking accounts for transactions where there was sufficient funds in the account at the time of the transaction to cover the transaction; improperly re-ordering the posting of transactions from highest transaction to lowest in order to generate more overdraft fees; and misrepresenting and falsely advertising the accuracy

and reliability of the available balance or account balance in publications of customers' checking account information.

35.   In addition to the above, the conduct as alleged throughout the Complaint constitutes breach of contract, negligent misrepresentation, fraud, and conversion that not only result in liability as individual causes of action, they provide the basis for a finding of liability under Business and Professions Code Section 17200 *et seq*.

36.   Plaintiffs, and each of them, have been damaged by said practices.

37.   The conduct of Defendants as described herein violates Business and Professions Code Section 17200 *et seq*., and other similar unfair competition and unlawful business practices statutes.

**SECOND CAUSE OF ACTION**

**VIOLATION OF BUSINESS AND PROFESSIONS CODE SECTION 17500 *et seq*.**
**FALSE ADVERTISING (AGAINST ALL DEFENDANTS)**

38.   Plaintiffs incorporate by reference and re-alleges all paragraphs previously alleged herein.

39.   The standardized practice and advertisements regarding the practice were uniformly applied to Plaintiffs and the Class members.

**THIRD CAUSE OF ACTION**

**BREACH OF CONTRACT/BREACH OF**
**DUTY OF GOOD FAITH AND FAIR DEALING**

40.   Plaintiffs incorporate by reference and re-alleges all paragraphs previously alleged herein.

41.   Under California law, good faith is an element of every contract. Every contract imposes upon each party a duty of good faith and fair dealing in its performance. Good faith in

contracting is the obligation to preserve the spirit of the bargain rather than merely the letter, the adherence to substance rather than form. The statutory and common laws of all states call for substantial compliance with the spirit, and not the letter only, of a contract in its performance. Evasion of the spirit of the bargain and abuse of a power to specify terms have been judicially recognized of bad faith in the performance of contracts.

42. Subterfuges and evasions violate the obligation of good faith in performance even though the actor believes his conduct to be justified. But the obligation goes further; bad faith may be overt or may consist of inaction, and fair dealing may require more than honesty. A complete catalogue of types of bad faith is impossible, but the following types are among those which have been recognized in judicial decisions: evasion of the spirit of the bargain, willful rendering of imperfect performance, abuse of power to specify terms, and interference with or failure to cooperate in the other party's performance.

43. Where an agreement permits one party to unilaterally determine the extent of the other's required performance, an obligation of good faith in making such a determination is implied. SchoolsFirst unilaterally chooses whether to impose overdraft charges (and at what amount) by posting transactions in any order Defendant wishes and by unilaterally deciding whether to impose overdraft fees even when consumers have sufficient funds in their account. The frequencies of overdraft charges are set unilaterally by SchoolsFirst. Defendant has an obligation to assess and impose overdraft charges on consumers' bank accounts in good faith. Defendant has breached this obligation by intentionally delaying and rearranging the posting of transactions to accounts in order to maximize the amount of overdraft charges imposed. Further, SchoolsFirst has acted in bad faith by assessing

overdraft fees even when customers have sufficient actual funds in their account to cover debits as they come.

44. In breach of its duties of good faith and fair dealing, Defendant has assessed excessive, unreasonable, and unnecessary overdraft charges against Plaintiffs and Class Members. These overdraft charges are not set in accordance with the reasonable expectations of the parties.

45. Plaintiffs seek a judicial declaration determining that the charges imposed by Defendant are not consistent with Defendant's duties of good faith and fair dealing. Plaintiffs also seek compensatory damages resulting from Defendant's breach of its duties of good faith and fair dealing.

## FOURTH CAUSE OF ACTION

### FRAUD

#### (Against all Defendants)

46. Plaintiffs incorporate by reference and re-alleges all paragraphs previously alleged herein.

47. The misrepresentations, nondisclosure and/or concealment of material facts made by Defendants to Plaintiffs and the members of the Class, as set forth above, were known by Defendants to be false and material and were intended by the Defendants to mislead Plaintiffs and the members of the Class.

48. That the Plaintiffs and the Class were actually misled and deceived and were induced by SchoolFirst to incur overdraft charges they otherwise would not have incurred.

49. As a result of the conduct of Defendants, Plaintiffs and the Class members have been damaged by having incurred unwarranted overdraft fees assessed and taken from their

checking account.  In addition to such damages, Plaintiffs seek punitive or exemplary damages pursuant to Civil Code Section 3294 in that Defendants engaged in "an intentional misrepresentation, deceit, or concealment of a material fact known to the defendant[s] with the intention on the part of the defendant[s] of thereby depriving a person or property of legal rights or otherwise causing injury."

## FIFTH CAUSE OF ACTION

## NEGLIGENT MISREPRESENTATION

### (Against all Defendants)

50.  Plaintiffs incorporate by reference and re-alleges all paragraphs previously alleged herein.

51.  That Defendant has a duty to provide honest and accurate information to its customers to avoid those customers from incurring expensive and unnecessary overdraft charges.

52.  Defendants specifically and expressly indicated to class members that SchoolFirst's customers' checking account balance information that are published online, by phone, by ATM machines, and in-store inquiries are accurate and reliable, when in fact they are inaccurate and unreliable.

53.  Such misrepresentations were and are made by Star One Credit Union through the use of the identifying term "account balance" in the various methods in which customers may access their checking account information, when in fact such information is not what it purports to be, and through the various marketing materials and the customer agreement contracts.

54.  Defendants knew or in the exercise of reasonable diligence should have known, that the ordinary consumer and customer and Defendants' products would understand

Defendants' representations concerning the term "account balance" as being what they purport to be – the actual available balance at the time of the inquiry. Defendants also knew or in the exercise of reasonable diligence should have known, that the ordinary consumer and customer of Defendants' products would understand the marketing materials and the terms of the customers' agreement contracts set forth in this Complaint as indicating that the published "account balance" is accurate and reliable. Any other understanding on the part of consumers would not be reasonable given Defendants' representations.

55. Plaintiffs and the Class members justifiably relied on Defendants' misrepresentation as to their available balance and engaged in debit transactions or ATM withdrawals which were within the limits of their published "balance," yet were assessed overdraft fees.

56. As a result of the conduct of Defendants, Plaintiffs and the Class Members have been damaged by having relied on Defendants' misrepresentations as to their available balance and have incurred unwarranted overdraft fees.

57. In addition, by representing and posting pending charges to online accounts in real time, and then including those charges to provide available balance, Star One Credit Union represented to Class Members that overdraft fees would not be charged for transactions that were less than the balance in the account at the time the transaction took place.

58. Those representations were false, as Defendants did assess and automatically deduct overdraft fees from customers' accounts even though there hey were funds available to cover the transaction at the time of the transaction.

59. Defendants knew or in the exercise of reasonable diligence should have known, that Plaintiffs and ordinary customers would rely on those representations.

60.   That Plaintiffs and the Class members did reasonably rely on those representations. As a result, Plaintiffs and the Class Members have been damaged by being assessed expensive and unnecessary overdraft fees.

## SIXTH CAUSE OF ACTION

## CONVERSION

61.   Plaintiffs incorporate by reference and re-alleges all paragraphs previously alleged herein.

62.   SchoolsFirst has, without adequate authorization, assumed and exercised the right of ownership over personal property belonging to Plaintiffs and those similarly situated, in hostility to the rights of Plaintiffs and those similarly situated, as described above. Plaintiffs and those similarly situated had title to funds in their checking accounts and Defendant wrongfully took possession of such funds through its unfair and bad faith practices.

63.   As a direct and proximate result of the levy of improper overdraft charges, Plaintiffs and the Proposed Class have suffered damages. The damages proximately and directly resulting from such conduct, including actual, nominal, general, and punitive damages, should be taxed to Defendant.

## SEVENTH CAUSE OF ACTION

## UNCONSCIONABILITY

64.   Plaintiffs incorporate by reference and re-alleges all paragraphs previously alleged herein.

65.   To the extent Defendant claims its customer agreement contains language that purports to authorize SchoolsFirst to engage in the conduct of which Plaintiffs complain, such claims

are unconscionable. Considering the great business acumen and experience of Defendant when compared to Plaintiffs and those similarly situated, the great disparity in their relative bargaining power, the inconspicuousness and incomprehensibility of the contract language, the oppressiveness of the contract terms, and the absence of a meaningful choice, the commercial unreasonableness of the contract terms, the purpose and effect of the terms, the allocation of the risks between the parties, and similar public policy concerns, these provisions are unconscionable and therefore unenforceable as a matter of law.

66. Here, Plaintiffs and those similarly situated are consumers, not bankers. Defendant does not negotiate these terms with any customers. Plaintiffs, like most consumers, were not in a position to bargain for more favorable contract terms, nor were they able to experience the results of SchoolsFirst's practices before establishing a SchoolsFirst account. With regard to the "surprise factor", Plaintiffs and those similarly situated were not made aware of Defendant's practices at the time the contract was entered into.

67. Plaintiffs request an inquiry into the setting, purpose, and effect of these terms, including the basis and justification for delaying and chronologically rearranging transactions and imposing fees even when a sufficient balance exists to cover all debits submitted for payment. The credit union industry should not be immune from scrutiny. The grossly excessive price, the minuscule cost of the "service" to SchoolsFirst, the slight inconvenience imposed on SchoolsFirst, and the slight value of the overdraft "service" all demonstrate that SchoolsFirst's methods for maximizing overdraft charges are unconscionable. Combined with the absence of meaningful choice, the lack of sophistication of consumers, and SchoolsFirst's deceptive practices in rearranging and

delaying transactions and imposing fees, the Court should strike down SchoolsFirst's overdraft practices as unconscionable.

68.  SchoolsFirst has structured totally one-sided transactions. The absence of equality of bargaining power, open negotiation, full disclosure, and a contract which fairly sets out the rights and duties of each party demonstrate that the transaction lacks those checks and balances which would inhibit the charging of unconscionable fees. Each overdraft charge derived from SchoolsFirst's improper practices should be rescinded and refunded to Plaintiff and those similarly situated.

## EIGHTH CAUSE OF ACTION

## UNJUST ENRICHMENT AND RESTITUTION

69.  Plaintiffs incorporate by reference and re-alleges all paragraphs previously alleged herein.

70.  A party cannot induce, accept, or encourage another to furnish or render something of value to such party and avoid payment for the value received. As a result of the conduct described above, Defendant has been and will be unjustly enriched at the expense of Plaintiffs and Class Members.

71.  Plaintiffs transferred a benefit – in the form of money – via overdraft fees to SchoolsFirst without a valid or enforceable contract requiring such transfer. Plaintiffs received no benefit from SchoolsFirst in return for those overdraft fees which accrued solely based on Defendant's improper practices. Therefore, SchoolsFirst, under equitable principles, ought to return that benefit in the form of restitution.

72.  SchoolsFirst, the benefited party, equitably ought to compensate Plaintiffs and those similarly situated for all excessive overdraft charges given the fact that no legal contract

authorized SchoolsFirst's practices.  SchoolsFirst has received and is holding funds belonging to Plaintiffs and those similarly situated, which in equity and good conscience, SchoolsFirst should not be permitted to keep but should be required to refund.

## NINTH CAUSE OF ACTION

## BREACH OF FIDUCIARY DUTY

73.  Plaintiffs incorporate by reference and re-alleges all paragraphs previously alleged herein.

74.  The members of Defendant SchoolsFirst, including Plaintiffs, pursuant to their membership and ownership of shares, enjoy a special relationship with the Defendant and its Board of Directors. Under the Code of Federal Regulations, each Federal Credit Union Director has the duty to:

> Carry out his or her duties as a director in good faith, in a manner such director believes to be in the best interests of the membership of the Federal Credit Union as a whole, and with the care, including reasonable  inquiry, as an ordinarily prudent person in a like position would use under similar circumstances.

See 12 C.F.R. § 701.4(b).  The duties of the Board of Directors create a fiduciary responsibility on the part of the directors.  In authorizing and directing the Defendant credit union's policy of unfair and excessive overdraft fees to its members, the Defendant Board of Directors did not act in good faith, in a manner that would be considered in the best interests of the credit union and its members, including Plaintiffs, and they did not act as a prudent person in a like position would under similar circumstances.  The actions of the Board of Directors constituted a breach of their fiduciary duty to the members of the credit union, including Plaintiffs and those similarly situated.  Specifically, its actions of authorizing, directing and/or ordering the resequencing of transactions and deceptively

charging members with excessive overdraft fees, is a breach of their fiduciary duties to the members, including Plaintiffs.

75.   The Defendant Board of Directors has undertaken a duty to act in good faith for and in the best interests of its members, including Plaintiffs and the unnamed class members, in financial matters which give rise to a heightened relationship of trust flowing from the Board of Directors to the members, including Plaintiffs. By participating in the aforementioned re-ordering of transactions and deceptively charging its members with expensive, excessive, unnecessary and unfair overdraft charges, the Defendant Board of Directors have breached their fiduciary duties to Plaintiffs and others similarly situated. In breaching its heightened fiduciary duties, Defendant Board of Directors has caused substantial injury to Plaintiffs and others similarly situated in the form of monetary losses which are due to be recouped.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiffs and the numerous currently unnamed Plaintiffs pray:

(a)   For certification of this matter as a class action lawsuit to process on behalf of the class of all Currently Unnamed Plaintiffs as defined after suitable initial discovery has been completed;

(b)   For restitution;

(c)   For an award of such damages as are authorized by law, including all actual, general, special, incidental, punitive, consequential, and compensatory damages to which Plaintiffs and Class Members are entitled;

(d)   For appropriate injunctive and/or declaratory relief as to the court may deem reasonable.

(e)     For an award of pre-judgment and post judgment interest on all monetary relief.

(f)     For an award of all reasonable costs and attorneys' fees incurred by Plaintiffs;

(g)     For trial by jury of all matters; and

(h)     For such other and further relief as the Court may deem just and equitable.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby request trial by jury of all issues triable by jury under California and federal law.

Dated: _____        Respectfully submitted,

**LAW OFFICES OF FERNANDO F. CHAVEZ**

_____

**FERNANDO F. CHAVEZ**
fchavez@chavez-deleon.com
1530 The Alameda, Suite 301
San Jose, CA. 95126
(408) 971-3113 – Phone
(408) 971-0107 – Facsimile
California Bar No. 86902

– and –

**MITCHELL G. ALLEN**
Mitch.Allen@JacobyMeyers.com
**JACOBY & MEYERS**
1929 3rd Avenue North, Suite 600
Birmingham, AL  35203
(800) 411-4529 – Phone
*(Seeking admission Pro Hac Vice)*

– and –

**ROBERT J. CAMP**
rcamp@cochranfirm.com
**THE COCHRAN FIRM – BIRMINGHAM, LLC**
1929 3rd Avenue North, Suite 800
Birmingham, AL  35203
(205) 244-1115 – Phone

(205) 244-1171 – Facsimile
*(Seeking admission Pro Hac Vice)*

## REQUEST FOR SERVICE BY CERTIFIED MAIL

The Plaintiffs request that service of this Complaint be made on the Defendants by Certified Mail.

_____

**FERNANDO F. CHAVEZ**

**PLAINTIFFS' ADDRESSES:**

Mitsi Calderon
12031 Morrie Lane
Garden Grove, CA  92840

Jamie Lopez
304 Adele Street
Anaheim, CA  92805

**DEFENDANTS' ADDRESSES:**

Schooolsfirst Federal Credit Union
2115 N. Broadway
Santa Ana, CA 92706

John Didion
c/o Schooolsfirst Federal Credit Union
2115 N. Broadway
Santa Ana, CA 92706

Rudy Hanley
Schoolsfirst Federal Credit Union
2115 N. Broadway
Santa Ana, CA 92706

Lynn Hartline
Schoolsfirst Federal Credit Union
2115 N. Broadway
Santa Ana, CA 92706

1  Linda Salata
   Schoolsfirst Federal Credit Union
2  2115 N. Broadway
   Santa Ana, CA 92706
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28